IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3039-F

| | | |
|---|---|---|
| JOHN LANIER CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JONATHAN D. LINCOLN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. On March 16, 2015, Plaintiff filed a motion for voluntary dismissal [DE-9], although he subsequently stated he sought to withdraw this motion [DE-11]. However, a plaintiff may not attempt to withdraw his voluntary dismissal subsequent to its filing, because a voluntary dismissal pursuant to Rule 41(a)(1) is self-executing and no judicial approval is required. See Jones, Blechman, Woltz & Kelly, PC v. Babakaeva, 375 F. App'x 349, at *1 (4th Cir. Apr. 21, 2010) ("[T]he voluntary dismissal became effective upon filing of the notice with the clerk of the district court. At that point, the action terminated, and the district court was divested of jurisdiction.") (citations omitted); see also Shlikas v. Wake Forest Univ., No. 1:97CV01188, 1999 WL 1939241, *2 (M.D.N.C. May 26, 1999) ("Plaintiff cannot attempt to withdraw his voluntary dismissal, since the dismissal was effective upon filing.") Accordingly, Plaintiff's motion for voluntary dismissal [DE-9] is ALLOWED, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE, and the

Clerk of Court is DIRECTED to close this case.[1] To the extent plaintiff seeks to re-instate this action, that request [DE-11] is DENIED. In light of this ruling, Plaintiff's pending motion for the appointment of counsel [DE-16] is DENIED AS MOOT.

SO ORDERED.

This the 9' day of November, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] When he initially filed his complaint, Plaintiff was a state inmate. However, he has since been released from custody [DE-29]. In the alternative, Plaintiff's complaint could be dismissed because he has failed to notify the court of the change in his address since his release from custody. See Local Civil Rule 83.3.

2